NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

_____
                                    :
JOSEPH TUCKER,                      :
                                    :  Civil Action No. 14-5687 (RMB)
            Petitioner,             :
                                    :
       v.                           :            **OPINION**
                                    :
TALBOT HALL                         :
CORRECTIONS FACILITY, et al.,       :
                                    :
            Respondents.            :
_____:

**BUMB**, District Judge:

   Petitioner, who refers to himself as a "pre-trial detainee," filed an application styled as a § 2254 petition ("Petition") and accompanied it by his filing fee. See Docket Entry No. 1. For the reasons detailed below, the Petition will be denied, and no certificate of appealability ("COA") will issue.

   The Petition, an 18-page pleading accompanied by 320 pages of exhibits, see Docket Entries Nos. 1, 1-1, 1-2 and 1-3, asserts the following events:

   Being indicted on certain controlled substance charges in 2008, Petitioner pled guilty to those charges on January 10, 2012, but then attempted to withdraw his plea. See Docket Entry No. 1, at 3. His withdrawal application was denied, and his conviction and sentence were entered by the Law Division on May

5, 2012, prompting Petitioner's appeal filed on August 15, 2012. See id.

On August 23, 2013, the Appellate Division remanded Petitioner's proceedings to the Law Division for an inquiry as to whether Petitioner's plea was knowing and voluntary. See id. at 4. Thus, the Law Division revisited Petitioner's application to withdraw his entry of guilty plea. See id.

Also, because Petitioner's status reverted to that of a pre-trial detainee, the Law Division held his bail hearing and denied his release on bail on September 17, 2013,. See id. On October 21, 2013, Petitioner had a hearing as to his withdrawal of guilty plea. See id. at 5.

While waiting for the Law Division's determination on the withdrawal-of-guilty-plea issue, he renewed his application for release on bail and had another bail hearing scheduled. See id. On November 6, 2013, the Law Division denied Petitioner's renewed bail application. See id.

On November 21, 2013, the Law Division held a supplementary hearing as to the request for withdrawal of Petitioner's guilty plea. See id. Upon that hearing, the Law Division became satisfied with the knowing and voluntary nature of Petitioner's plea and issued a decision, dated December 9, 2013, re-denying Petitioner's request to withdraw the plea. See id. at 6. He

appealed on January 23, 2014, and, according to the Petition, that appeal is still pending.  See id.

Eight months later, referring to a certain "Senior Pastor Willie D. Brown" as "his Power of Attorney Representative," Petitioner filed the Petition at bar maintaining that he is a pre-trial detainee held "in[] custody . . . without due process of a trial [and] without a re-imposed sentenc[e], . . . a new Judgement of Conviction [and without] Order [directing post-conviction] Commitment."  Id. at 8-9 (capitalization in original).  The Petition is perplexing and contradicts Petitioner's public records.

To the extent this Court could presume that Petitioner is correct in his assertion that he is a *pre-trial detainee*, his Petition *cannot* be entertained under § 2254.  U Moore v. DeYoung, 515 F.2d 437, 441 (3d Cir. 1975) (relying on Peyton v. Rowe, 391 U.S. 54, 60 (1967) and 28 U.S.C. § 2254).

That said, the umbrella habeas corpus statute, § 2241, does provide federal courts with jurisdiction to issue a writ of habeas corpus *before* a state judgment is rendered, but that could be done only in very limited circumstances.  See Brian R. Means, Federal Habeas Manual § 9C:2 (2014) ("If ... the petitioner is in custody pursuant to something other than a judgment of a state court (e.g., pre-trial detention, pre-trial bond order, awaiting extradition, he may proceed under 28 U.S.C.A. § 2241") (emphasis

removed). "[T]hat jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" Duran v. Thomas, 393 F. App'x 3 (3d Cir. 2010) (quoting Moore, 515 F.2d at 445-46).

Section 2241 provides, in relevant part, that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  Thus, under this statute, a state criminal defendant has the mechanism in a federal habeas action to challenge the legality of his pre-trial confinement by arguing that he should not be in pre-trial custody in the first place because, for example: (1) his upcoming trial violates his rights under the Double Jeopardy Clause, see, e.g., United States v. Webb, 516 F.2d 1034 (3d Cir. 1975); or (2) he is being deprived of his constitutional right to a speedy trial, see, e.g., Braden v. 30th Judicial Cir. Ct., 410 U.S. 484, 492-93 (1973); or (3) the trial court has unconstitutionally denied or revoked bail.  See, e.g., Atkins v. Michigan, 644 F.2d 543, 550 (6th Cir. 1981).  Even those claim should first be exhausted in the state courts.  "The state court exhaustion requirement is mandated by statute under 28 U.S.C. § 2254(b) and has developed through decisional law in applying principles of comity and federalism as to claims brought under 28 U.S.C. § 2241."

4

Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986) (citing Braden, 410 U.S. at 490-91); see also Moore, 515 F.2d at 442; Federal Habeas Manual § 9C:1 and § 9C:2.[1]  Hence, even if Petitioner is a pre-trial detainee who raised viable § 2241 claims, his Petition is subject to dismissal for failure to exhaust.  See Evans v. Ct. of Common Pleas, 959 F.2d 1227, 1230 (3d Cir. 1992); Sistrunk v. Lyons, 646 F.2d 64, 66 n.4 (3d Cir. 1981).

   However, this Court's review of Petitioner's exhibits and online record maintained by the Department of Corrections indicates that Petitioner is *not* a pre-trial detainee; rather, he *is* a convicted prisoner.  See https://www6.state.nj.us/DOC_Inmate/details?x=1258215&n=0 (stating that, on July 5, 2015, Petitioner was convicted of controlled substance offences to a term from two-years-and-six-months to five years, and his parole eligibility

---

[1] The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991); see also O'Sullivan v. Boerckel, 526 U.S. 838, 842-49 (1999); Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005) ("Exhaustion addresses federalism and comity concerns by affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary") (internal citations and quotations omitted).  The petitioner carries the burden of proving exhaustion of all available state remedies, i.e., by showing that he raised his claim to all levels of the state court empowered to hear is claims, including the Appellate Division and the New Jersey Supreme Court.  See, e.g., Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

date is coming is less then three months, i.e., on January 4, 2015).  Hence, it appears that the Law Division's December 9, 2013, decision (revisiting Petitioner's application to withdraw his guilty plea and denying that application) simply reinstated Petitioner's status of convicted prisoner and re-triggered Petitioner's sentence commenced on July 5, 2012 (and briefly interrupted by his second pre-trial custody from September 6, 2013, to December 9, 2013).  See id.  Thu s, Petitioner's pre-trial rights, e.g., speedy-trial and release-on-bail rights, cannot be implicated here.  Rather, his § 2254 challenges should be limited to an attack on the Law Division's decision re-denying his application to withdraw his guilty plea (and related claims).

For the purposes of such attack, Petitioner is obligated to exhaust all his claims in *all levels of the state court* empowered to hear such claims, including the Appellate Division and the New Jersey Supreme Court.  See Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); see also O'Sullivan v. Boerckel, 526 U.S. 838 (1999).  Any § 2254 prisoner applying for a writ of habeas must first "exhaust[] the remedies available in the courts of the State" unless "there is an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective."  28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 515 (1982); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); Duarte v. Hershberger, 947 F. Supp. 146 (D.N.J. 1996); see

6

also Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").[2]

Here, Petitioner filed a *direct* appeal with the Appellate Division challenging the Law Division's decision re-denying his application to withdraw his guilty plea.[3] According to the Petition, his direct appeal is still pending with the Appellate Division and, if Petitioner is dissatisfied with the Appellate Division's determination when it is rendered, he may still seek certification from the New Jersey Supreme Court.  Thus, his §

---

[2] As is the case with § 2241 petitions, the courts of a state must be afforded an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights" before § 2254 claims might be raised. Wilwording v. Swenson, 404 U.S. 249, 250 (1971); Picard v. Connor, 404 U.S. 270, 275 (1971); Evans, 959 F.2d at 1230 (3d Cir. 1992). Only if a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.  See Picard, 404 U.S. at 275.  Notably, where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies.  See 28 U.S.C. § 2254(c).

[3] For the reasons not entirely clear to this Court, Petitioner is referring to all his challenges raised after the Appellate Division remanded his criminal proceedings to the Law Division as "collateral" challenges.  However, Petitioner did not assert any collateral state challenge – all his federal habeas claims attack the state court's determinations entered during his *direct* proceedings.

2254 claims are wholly unexhausted, and – since his judgement of conviction is yet to finalize – his period of limitations is yet to be triggered for the purposes of § 2254 review.  Therefore, he cannot be prejudiced by this Court's decision to dismiss his § 2254 claims without prejudice.  Cf. Urcinoli v. Cathel, 546 F.3d 269, 278 (3d Cir. 2008).

In light of the foregoing, the Petition (be it construed as a § 2241 application or as a § 2254 one) will be dismissed as unexhausted in the state fora, without prejudice to Petitioner's filing of a timely, all-inclusive petition upon his complete exhaustion of his claims.

Mindful of the fact that Petitioner qualified his Petition as a § 2254 application, the Court is now obligated to determine whether the Petition warrants issuance of a COA.  Here, jurists of reason would not find the procedural disposition of this Court debatable.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Accordingly, no COA will issue.

An appropriate Order accompanies this Opinion.

                                              s/Renée Marie Bumb  
                                              **RENÉE MARIE BUMB**  
                                              **United States District Judge**

Dated: October 24, 2014